UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSHUA J. BALDASSARRE, | Case No. 2:24-cv-00574-MMD-DJA |
| Petitioner, | ORDER |
| v. | |
| WARDEN BEAN, *et al.*, | |
| Respondents. | |

## I.    SUMMARY

There are three motions before the Court in this habeas action: petitioner Joshua J. Baldassarre's motion for leave to file Exhibit 15 under seal (ECF No. 17), Respondents' motion for leave to file Exhibits 57, 58, 68, and 69 *in camera* and under seal (ECF No. 23), and Respondents' unopposed motion for enlargement of time to respond to the first amended petition (ECF No. 26). The Court denies the motion to file exhibits *in camera* and grants the remaining motions.

## II.    MOTIONS FOR LEAVE TO FILE EXHIBITS UNDER SEAL

To overcome the strong presumption in favor of public access, a party seeking the sealing of exhibits filed in an action must make a particularized showing as to why the exhibit should be sealed and provide compelling reasons, supported by specific factual findings, for the request. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

Baldassarre moves (ECF No. 17) for leave to file under seal Exhibit 15 (ECF No.

1   18-1), which consists of medical records associated with the victim in the underlying state

2   case. No response was filed and the deadline for doing so has expired. The need to

3   protect medical privacy generally qualifies as a "compelling reason" for sealing records

4   submitted with a dispositive motion. *See, e.g.*, *Abbey v. Hawaii Employers Mut. Ins. Co.*,

5   760 F. Supp. 2d 1005, 1013 (D. Haw. 2010). The Court finds Exhibit 15 does not solely

6   contain medical information; however, the non-medical portions of the exhibit contain

7   personal identifiers,[1] and sensitive personal information that is not typically made

8   available to the public and which could be used as a vehicle for improper purposes. *See*

9   *Kamakana*, 447 F.3d at 1179. The Court finds a compelling need to protect the victim's

10  safety, privacy, and/or personal identifying information outweighs the public interest in

11  open access to these court records and considers Exhibit 15 properly filed under seal. *Id.*

12          Respondents move (ECF No. 23) for leave to file *in camera* and under seal Exhibits

13  57, 58, 68, and 69 (ECF Nos. 24-1; 24-2; 24-3; and 24-4), which consist of a Presentence

14  Investigation Report ("PSI") and three Supplemental PSIs. No response was filed and the

15  deadline for doing so has expired. Under Nevada law, the PSI is "confidential and must

16  not be made a part of any public record." NRS § 176.156(5). Having reviewed and

17  considered the matter under *Kamakana* and its progeny, the Court finds that a compelling

18  need to protect Baldassare's privacy outweighs the public interest in open access to the

19  court records and considers Exhibits 57, 58, 68, and 69 properly filed under seal. *See*

20  *Kamakana*, 447 F.3d at 1179. Although Respondents request filing of the exhibits *in*

21  *camera* for the safety of the victim and Baldassare, the Court concludes that sealing the

22  exhibits will accomplish that purpose.

23  **III.    MOTION FOR EXTENSION OF TIME**

24          Respondents filed an unopposed motion for enlargement of time to file a response

25  to the first-amended petition (ECF No. 26). The Court finds the request is made in good

26  faith and not solely for the purpose of delay, and therefore, good cause exists to grant

27

28          [1]Personal data identifiers include social security numbers, date of birth, financial account numbers, and home addresses. *See e.g.*, LR IC 6-1(a); FED. R. CIV. P. 5.2.

the motion.

**IV.    CONCLUSION**

It is therefore ordered that Baldassare's motion for leave to file Exhibit 15 under seal (ECF No. 17) is granted and Exhibit 15 (ECF No. 18-1) is considered properly filed under seal.

It is further ordered that Respondents' motion for leave to file exhibits *in camera* and under seal (ECF No. 23) is granted in part and denied in part. The motion to file Exhibits 57, 58, 68, and 69 (ECF Nos. 24-1; 24-2; 24-3; and 24-4) under seal is granted and the exhibits are considered properly filed under seal. Respondents' motion to file Exhibits 57, 58, 68, and 69 *in camera* is denied.

It is further ordered that Respondents' unopposed motion for enlargement of time (first request) (ECF No. 26) to file a response to the first-amended petition is granted. Respondents have until February 5, 2025, to file a response to the petition. In all other respects, the schedule for further proceedings set forth in the order entered on July 11, 2024 (ECF No. 11), remains in effect.

DATED THIS 8th Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE